## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08-123 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DISMISSING § 2255 PETITION** |
| YOBARRI TAKIE EASON, | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for plaintiff.

Yobarri Takie Eason, #13872-041, United States Penitentiary, Post Office Box 33 Terre Haute, Indiana 47808, *pro se*.

Petitioner Yobarri Takie Eason filed a motion to vacate[1] his sentence under 28 U.S.C. § 2255. Eason's claim is procedurally defaulted because he never appealed his conviction or sentencing and the time to do so has passed. The ruling in *Descamps v. United States*, 133 S. Ct. 2276 (2013). does not provide additional time to Eason to appeal his conviction because *Descamps* did not announce a newly recognized right. Even if it had, the ruling does not affect the determination of Eason as an armed career criminal. Therefore, the Court will deny Eason's motion.

---

[1] Eason refers to this as a "Motion to Remand for Resentencing." As there was no appeal, the Court will consider the motion as a motion to vacate Eason's sentence.

## BACKGROUND

I.  PREVIOUS PROCEEDINGS

In April 2008 Yobarri Takie Eason was indicted on five counts of various drug and gun offenses. Eason pled guilty, as part of a plea agreement, to possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and to being an armed career criminal, defined in 924(e)(1), felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). (Plea Agreement, at ¶¶ 1(d), 2(a)–2(b), July 17, 2008, Docket No. 19.) On February 10, 2009, the Court sentenced Eason to 220 months imprisonment, followed by five years of supervised release. (Sentencing J., Feb. 12, 2009, Docket No. 24.)

Eason was determined to be "armed career criminal" based on his Count 5 "felon in possession of a firearm offense" under 18 U.S.C. § 924(e)(1). The Armed Career Criminal Act ("ACCA") holds that a person qualifies as an armed career criminal if they have three previous convictions for violent felonies or drug convictions. 18 U.S.C. § 924(e)(1). Eason's status under the ACCA was based in part on a conviction for aggravated robbery in 1995 when Eason was a juvenile. (Indictment, at 3, April 23, 2008, Docket No. 10.)

II.  PROCEDURAL HISTORY

Following sentencing, on January 17, 2012 Eason filed a motion for retroactive application of the sentencing guidelines based on a change to guideline computations for cocaine based offenses. (Mot. to Modify Sentence, at 2, Jan. 17, 2012, Docket No. 26.) The Court denied Eason's motion on the ground that the sentence was based on

defendant's status as a career offender and not on the change to the sentencing guidelines. (Order Den. Mot. for Sentence Reduction, at 1–2, Mar. 29, 2012, Docket No. 28.)

Eason filed this motion to vacate under 28 U.S.C. § 2255, arguing that his sentence should be reduced because his juvenile conviction for armed robbery should not qualify as an Armed Career Criminal Act offense in light of the Supreme Court decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). (*Pro Se* Mot. to Vacate Under 28 U.S.C. § 2255 ("Section 2255 Mot."), ¶ 9, June 26, 2014, Docket No. 29.)

## ANALYSIS

### I.   STANDARD OF REVIEW

Section 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

## II.  PROCEDURAL DEFAULT

Eason failed to appeal his conviction, his sentence, or object to his status as an armed career criminal on direct appeal and is now unable to claim relief under Section 2255.[2]  A Section 2255 claim can address those arguments not properly preserved at trial or on direct appeal only if the petitioner can show either cause and prejudice from the claimed legal error, or that he is actually innocent.  *Bousely v. United States*, 523 U.S. 614, 622 (1998).  Eason conceded that he was an armed career criminal and agreed that this status triggered a statutory mandatory minimum of 15 years.  (Position of the Def. with Respect to Sentencing Factors, at 1, Jan. 22, 2009, Docket No. 21.)  Eason was sentenced to 220 months imprisonment on each of counts 1 and 5 to run concurrently.  (Sentencing J., at 2.)  Eason did not appeal his status as an armed career criminal.  Eason also has not claimed that he was "actually innocent" or shown that there is "cause and prejudice" to justify why his claim should avoid procedural default.

Because Eason did not appeal his status as an armed career criminal, or the decision that his juvenile adjudication was a predicate offense under the ACCA, he is barred from raising the claim.  *See Lindsey v. United States*, 615 F.3d 998, 1000–01 (8th Cir. 2010) (holding that the defendant was barred procedurally from claiming his conviction for driving under the influence was not a violent felony, even though the

---

[2] As part of the Plea Agreement, Eason waived his right to appeal his sentence if the sentence was less than 327 months.  (Plea Agreement, at ¶ 18.)  As Eason's sentence was 220 months, he therefore waived his right to appeal his sentence.  (Sentencing J., at 2.)

Supreme Court ruling in *Begay v. United States*, 553 U.S. 137 (2008), supported his motion).

## III.   *DESCAMPS* AND EASON'S SENTENCE

### A.   No Newly Recognized Right

Eason filed this Section 2255 motion five years after his conviction and within one year of the Supreme Court decision in *Descamps*.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") restricts habeas corpus relief in this case, requiring the petition be filed within one year of the conviction, or within one year of the Supreme Court recognizing a new right now asserted.  *See* 28 U.S.C. § 2255(f)(1), (f)(3).  Under 28 U.S.C. § 2255(f)(1), the time limitation expired several years ago, one year after Eason's conviction was final.[3]

Eason implicitly asserts that the ruling in *Descamps* created a newly recognized right making his Section 2255 motion timely, but the decision in *Descamps* did not announce a new right, rather it reaffirmed a previous rule.  *See United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) ("[T]he *Descamps* decision did not recognize a new right."); *Deleston v. Wilson*, Civ. No. 13-2733 (JNE/SER), 2014 WL 3384680, at *7 (D. Minn. July 10, 2014) ("[T]he Court finds that the savings clause does not apply to

---

[3] Eason's plea agreement was filed on July 18, 2008. (Plea Agreement, July 18, 2008, Docket No. 19.)  He was sentenced on February 19, 2009. (Sentencing J.)  Eason appealed his sentence based on a change in sentencing guidelines, but this Court held they did not apply to Eason's case. (Order Den. Mot. for Sentencing Reduction, at 1–2.)  Eason's Section 2255 petition was filed in June 2014, clearly outside the bounds for a timely petition. *See Clay v. United States*, 537 U.S. 522, 522 (2003).

Deleston's current claims, because he has not shown that his claims are based on any recent change in the law as *Descamps* did not announce a new rule of law, it announced a rule dictated by prior precedent."). The *Descamps* decision was based on prior precedent – the modified categorical approach in *Taylor v. United States*, 495 U.S. 575 (1990). The Court in *Descamps* merely explained that this ruling still controlled and emphasized that this explanation of how to apply the modified categorical approach was the "only way we have ever allowed." *Descamps*, 133 S. Ct. at 2285. Because there was no newly recognized right established in *Descamps*, Eason's petition is untimely.

### B. Divisible Robbery Statute

Eason was determined to be an armed career criminal and now also challenges that determination. (Section 2255 Mot. at ¶ 2.) 18 U.S.C. § 922(g) prohibits certain individuals from possessing firearms, ammunition, or explosives. The ACCA enhances penalties for defendants who possess firearms in violation of 18 U.S.C. § 922(g) with three or more previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Under the ACCA, violent felonies include "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for [a term exceeding one year] if committed by an adult, that has as an element the use, attempted use, or threatened use of physical force against the person of another. . . ." 18 U.S.C. § 924(e)(2)(B)(i). Courts use a "formal categorical approach" when deciding whether a prior conviction is a violent felony under the ACCA. This approach looks only at the statutory elements of a defendant's prior offenses and not the particular facts underlying them. *Descamps*, 133 S. Ct. at 2283.

When a court is using a statute that has elements that do qualify as violent offenses under the ACCA in addition to alternative elements that do not, the sentencing court may adopt a modified categorical approach and look beyond the statute to a limited class of documents to determine which alternative elements formed the basis of the defendant's offense. *Id.* at 2284. *Descamps* clarified that the modified categorical approach may only be used when the sentencing court is dealing with a divisible statute. *Id.* at 2282.

The ACCA requires that an act of juvenile delinquency involve "the use or carrying of a firearm, knife, or destructive device" in order to trigger the ACCA's sentencing provisions. 18 U.S.C. § 924(e)(2)(B). Eason points to the Eighth Circuit case *United States v. Bankhead* which held that because the term "dangerous weapon" in an Illinois statute was an indivisible term that could include other items than a "firearm, knife, or destructive device," the use of the modified categorical approach was inappropriate. 746 F.3d 323, 326 (8th Cir. 2014). The district court in *Bankhead* had applied the modified categorical approach. The charging documents were reviewed to determine that a .38-caliber revolver, which satisfies the ACCA requirement, was carried by Bankhead during the robbery. *Id*. at 325. The Eighth Circuit reversed the District Court, finding the juvenile offense for robbery could not be used to establish Bankhead as a career criminal under the ACCA. *Id.* at 326–27. The reversal was based not on Bankhead's status as a juvenile, but because the Illinois statute underlying the offense was indivisible. *Id.*

In contrast to *Bankhead*, the Minnesota statute used in Eason's sentencing is clearly divisible. "The hallmark of divisibility is the enumeration of alternative bases for

conviction separated by the disjunctive 'or.'" *Id.* at 326. Eason was convicted of armed robbery in the second degree as a juvenile. (Section 2255 Mot., ¶ 2.) The Minnesota statute provides four ways to commit aggravated robbery. The first three amount to aggravated robbery in the first degree with each being separated by an "or" signifying divisibility. Minn. Stat. § 609.245, subd. 1. The fourth way to violate the statute amounts to second degree aggravated robbery and is separated by a subdivision from the first three. Therefore, this subdivision is also divisible. *Id.* at subd. 2. The Minnesota statute enumerates in its definition of "dangerous weapon" several weapons, separated by "or," which includes "firearm . . . or any device designed as a weapon and capable of producing death or great bodily harm, any combustible or flammable liquid . . . or any fire that is used to produce death or great bodily harm" Minn. Stat. § 609.245 subd. 6. Because the statutes concerning aggravated robbery are divisible, Eason's case is distinguishable from *Bankhead* and the use of a modified categorical approach was appropriate. Thus, Eason's claim for relief under Section 2255 is both procedurally barred, and the ruling in *Bankhead* does not afford relief. The Court will therefore deny Eason's motion.

## IV. EASON'S CONCURRENT SENTENCE

Even if the Court were to grant the relief Eason seeks, the defendant's imprisonment term would remain the same because his sentences on each count of conviction run concurrently, and the sentence on Eason's drug trafficking offense is the same length as the sentence on Eason's felon in possession offense. *United States v. Olunloyo*, 10 F.3d 578, 581 (8th Cir. 1993) (applying the concurrent sentence doctrine).

## V. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised in defendant's motion differently. The Court therefore concludes that Eason has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Section 2255 Motion to Vacate [Docket No. 29] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 3, 2014　　　　　　　　　____s/ John R. Tunheim____
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge