# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YOBARRI TAKIE EASON,<br><br>Defendant. | Criminal No. 08-123 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Yobarri Takie Eason, No. 13872-041, Federal Correctional Institute-Edgefield, P.O. Box 725, Edgefield, SC 29824, *pro se*.

Thomas M. Hollenhorst, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Yobarri Takie Eason is currently serving a 220-month term of imprisonment for drug and gun-possession convictions. Eason filed the present 28 U.S.C. § 2255 motion after the Eighth Circuit granted his request to file a second or successive petition. Eason's current motion challenges his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because the Court finds *Johnson* does not affect Eason's concurrent sentence for possession with intent to distribute fifty grams or more of cocaine base, the Court will deny Eason's motion.

## BACKGROUND

In July 2008, Eason pleaded guilty to Count 1, for possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(A), and Count 5, for being an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). (Plea Agreement ¶¶ 1(d), 2(a)–2(b), July 17, 2008, Docket No. 19.) Through his plea agreement, Eason also waived his right to appeal his sentence so long as he was sentenced to less than 327 months imprisonment. (*Id.* ¶ 18.)

Prior to sentencing, the probation office determined that Eason was a career offender under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 and that he was an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. (Presentence Investigation Report ("PSR") ¶¶ 23-24 (on file with the Court).) The probation office based these findings on Eason's prior Minnesota convictions for simple robbery and second-degree assault with a dangerous weapon, as well as a juvenile adjudication for aggravated robbery. (*Id.*) Eason did not object to the probation office's findings prior to or at Eason's sentencing.

At Eason's sentencing hearing, held on February 10, 2009, the Court adopted the probation office's findings. (*See* Ct. Min., Feb. 10, 2009, Docket No. 23.) The Court applied the career-offender Guidelines provision, finding a total offense level of 34 and a criminal history category of VI, resulting in a Guidelines range of 262 to 327 months. The Court varied downward and sentenced Eason to 220 months imprisonment on each count, to run concurrently, followed by five years of supervised release on each count, to run concurrently. (J. in a Crim. Case, Feb. 12, 2009, Docket No. 24.)

On June 26, 2014, Eason filed his first § 2255 motion, in which he relied on *Descamps v. United States*, 133 S. Ct. 2276 (2013), to argue that his juvenile adjudication did not qualify as a predicate offense to qualify him as an armed career criminal. (Mot.

to Remand for Resentencing, June 26, 2014, Docket No. 29.) The Court denied Eason's motion on several grounds. *See United States v. Eason*, No. 08-123, 2014 WL 6865444 (D. Minn. Dec. 3, 2014). The Court found that Eason's claim was procedurally defaulted because he did not previously appeal, Eason could not rely on *Descamps* because it did not announce a newly recognized right, Eason would still qualify as an armed career criminal even applying *Descamps,* and, finally, Eason's challenge was barred by the concurrent-sentence doctrine because Eason did not challenge his sentence for Count 1, which was ordered to run concurrently. *Id.*

On February 24, 2016, Eason filed a request for permission to file a second or successive § 2255 motion with the Eighth Circuit, relying on *Johnson*. (*See* Mot. to Vacate at 1, Sept. 14, 2016, Docket No. 46.) On September 14, 2016, the Eighth Circuit granted Eason's request and transferred Eason's motion to the Court. (J., Sept. 14, 2016, Docket No. 44.) The government opposes Eason's § 2255 motion.

## ANALYSIS

Section 2255 permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if

uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

A § 2255 claim can address those arguments not properly preserved at trial or on direct appeal only if the petitioner can show either cause and prejudice from the claimed legal error or that he or she is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998). The government contends Eason failed to show either cause and prejudice or actual innocence as required to assert a § 2255 claim.

The fact that an appeal would have been futile under then-existing case law does not always prevent procedural default. *See Lindsey v. United States*, 615 F.3d 998, 1000–01 (8th Cir. 2010) (holding that the defendant was barred procedurally from claiming his conviction for driving under the influence was not a "violent felony," even though the Supreme Court ruling in *Begay v. United States*, 553 U.S. 137 (2008), supported his motion). But the Supreme Court has stated that "a claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).

Eason argues that he has shown cause because his attorney had no reason to appeal his conviction prior to *Johnson*, which invalidated – as unconstitutionally vague – the residual clause in the definition of violent felony in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2555-56, 2557; *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* established a new rule of substantive law, and thus, it applies retroactively to cases on collateral review). The

Court will assume for the purposes of this order that Eason's procedural default is excused at least for the purposes of a *Johnson* challenge.

Still, Eason's challenge is limited to a constitutional challenge based on *Johnson*. *See* 28 U.S.C. § 2244(b)(2)(A) (stating that any "**claim** presented in a second or successive habeas corpus application . . . shall be dismissed unless . . . the **claim** relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" (emphasis added)). The Supreme Court recently concluded that *Johnson*'s holding regarding the ACCA's residual clause does not extend to the advisory Guidelines' career offender provision. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Eason's *Johnson* challenge only pertains to his ACCA enhancement for Count 5, which required three prior convictions for "violent felonies," and does not extend to Eason's treatment as a career offender under the advisory Guidelines, which was based on finding two prior convictions for "crimes of violence." Thus, Eason's ACCA enhancement only affects the statutory range for Count 5.

The Court sentenced Eason to concurrent 220-month sentences on both counts, and his current challenge only affects one of those two counts. Accordingly, the Court will decline to consider Eason's challenge, applying the concurrent-sentence doctrine. *See United States v. Olunloyo*, 10 F.3d 578, 581-82 (8th Cir. 1993) (applying "the concurrent-sentence doctrine" and declining to review a concurrent sentence); *United States v. Fletcher*, No. 11-193, 2016 WL 2642998, at *2 (D. Minn. May 9, 2016) (stating the concurrent-sentence doctrine "provides that a court need not reach the merits of a

claim attacking fewer than all multiple concurrent sentences if success on the claim would not change the term of imprisonment").

The Court finds that applying the concurrent-sentence doctrine is justified in this case because Eason's total sentence, and his sentence on Count 1, was not affected by the ACCA enhancement. Without the ACCA enhancement, Eason would still have two qualifying crime-of-violence convictions, meaning he would still be sentenced under the advisory Guidelines for career offenders, § 4B1.1(b)(1). The ACCA enhancement had no effect on Eason's overall advisory Guidelines range or his statutory range for Count 1: Eason already had a ten-year mandatory minimum for Count 5 and the advisory Guidelines range, with or without the ACCA enhancement, would have been 262- to 327- months imprisonment. Additionally, there is no indication that the ACCA enhancement drove Eason's sentence because the Court sentenced Eason to 40 additional months, beyond the mandatory minimum, and the record suggests that the advisory Guidelines for career offenders – unaffected by Eason's ACCA enhancement – drove Eason's advisory Guidelines range and the Court's sentencing decision. (*See* PSR ¶¶ 23, 25, 79.)

Accordingly, the Court will deny Eason's motion because *Johnson* does not affect Eason's advisory Guidelines range or conviction under Count 1, and therefore, the resulting concurrent sentence would remain the same.

## CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2); *Copeland v. Washington,* 232 F.3d 969, 977 (8th Cir. 2000). The movant must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under § 2253, the Court finds that Eason has not shown that reasonable jurists would find the issues raised in the § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Because Eason has failed to make the required substantial showing of the denial of a constitutional right, the Court will not grant a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Eason's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 46] is **DENIED**.

2. For the purpose of appeal, the Court does not grant a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 4, 2017 _____s/John R. Tunheim_____
at Minneapolis, Minnesota. JOHN R. TUNHEIM
Chief Judge
United States District Court