**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YOBARRI TAKIE EASON,<br><br>Defendant. | Criminal No. 02-101(JRT)<br><br>**AMENDED MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S § 2255 MOTION** |

Thomas M. Hollenhrost, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for plaintiff.

Robert Meyers, Assistant Federal Defender, **UNITED STATES FEDERAL DEFENDER'S OFFICE**, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415, for defendant.

Defendant Yobarri Takie Eason is serving a 220-month sentence after pleading guilty to crack-cocaine and felon-in-possession offenses in 2008. Eason's sentence was determined at a time when the Guidelines calculated a large disparity between offenses involving between crack and powder cocaine. Eason brings this 28 U.S.C. § 2255 Motion seeking a sentence reduction pursuant to § 404 of the First Step Act. Because Eason has already served 158 months of his sentence, and because the Court finds that this time constitutes a sufficient sentence for his crime, the Court will grant Eason's Motion. The Court will reduce Eason's sentence to time served. Eason's term of supervised release will remain at five years.

**BACKGROUND**

In 2008, Eason pleaded guilty to one count of possession with the intent to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count 1"); and to one count ("Count 5") of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  (Min. Entry, July 17, 2008; Docket No. 18.)  In his sentencing papers, Eason agreed (1) that Count 1 carried a statutory mandatory-minimum 10-year sentence; (2) that Count 5 carried a statutory mandatory-minimum 15-year sentence; and (3) that, because his criminal-history score was VI and his total offense level was 34, the sentencing range under the Guidelines was 262 to 327 months imprisonment.  (Def.'s Sent. Pos. at 1, Jan. 22, 2009, Docket No. 21.)  The Court granted a downward variance and sentenced Eason to a prison term of 220 months.  (Sent. J., Feb. 12, 2009, Docket No. 24.)  Eason did not appeal his sentence.

Eason has subsequently moved to reduce his sentence several times.  In 2012 and 2016, Eason filed motions to reduce his sentence based on changes to the Guidelines related to crack-cocaine offenses.  (Docket Nos. 26, 39.)  The Court concluded in both instances that Eason was not eligible for a sentence reduction because of his career-offender status.  (Docket Nos. 28, 43.)

In June 2014, Eason filed a § 2255 motion to vacate his sentence, arguing that, under the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), his juvenile adjudication for aggravated robbery should not have qualified as a violent felony under the Armed Career Criminals Act ("ACCA").  (Mot. to Vacate, Docket No. 29.)

The Court denied this motion, concluding both that the claim was procedurally defaulted and, even if it had not been time barred, that the claim failed. (Order, Dec. 3, 2014, Docket No. 36.)

In February 2016, Eason received leave from the Eighth Circuit to file a second or successive § 2255 petition. (*See* Docket No. 44.) In his petition, Eason argued that his sentenced should be reduced based on the Supreme Court's decision, in *Johnson v. United States*, 135 S.Ct. 2551 (2015), that ACCA's residual clause was unconstitutionally vague. (Mot. to Vacate, Sept. 14, 2016, Docket No. 46.) The United States conceded that ACCA no longer applied to Eason but argued that the concurrent-sentence doctrine barred relief. (Gov't Resp. at 8–11, Dec. 7, 2016., Docket No. 49.) The Court agreed, finding that "applying the concurrent-sentence doctrine is justified in this case because Eason's total sentence, and his sentence on Count 1, was not affected by the ACCA enhancement." (Order at 6, Aug. 4, 2017, Docket No. 57.) The Court later granted Eason a certificate of appealability. (Order, Sept. 15, 2017, Docket No. 60.) The Eighth Circuit affirmed. *United States v. Eason*, 912 F.3d 1122, 1124 (8th Cir. 2019).

Eason now moves for a sentence reduction under § 404 of the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).

**DISCUSSION**

**I.      FIRST STEP ACT**

Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed" unless, *inter alia*, a sentence modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). In 2018, Congress enacted the FSA, which allows a sentencing court the discretion to "impose a reduced sentence" on a defendant who committed a "covered offense" as if the Fair Sentencing Act "were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. Because it is expressly permitted to do so by the FSA, the Court may modify Eason's term of imprisonment under § 3582(c). In doing so, § 3582(c) requires the Court to consider the factors set out in 18 U.S.C. § 3553(a).

A "covered offense" is defined by the First Step Act as an offense (1) whose penalty was modified by the Fair Sentencing Act and (2) that was committed before passage of the Fair Sentencing Act. §404(a), 132 Stat. at 5222. Section 2 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, 2372 (2010), "increased the quantity of cocaine base required to trigger mandatory minimum sentences." *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). As it related to Eason's case, § 2 "raised the threshold for the 10-year minimum from 50 grams to 280 grams." *Id.* (citation omitted). Therefore, because Count 1 was "a violation of a Federal criminal statute, the penalty for which [was] modified by section 2 . . . of the Fair Sentencing Act of 2010" and because it "was committed before August 3, 2010," Count 1 is a "covered offense" under FSA § 404.

## II.   EASONS'S SENTENCE

If the Fair Sentencing Act had been in effect when Eason was sentenced, the applicable sentencing statute would have been 21 U.S.C. § 841(b)(1)(B)(iii) (requiring a sentence between five to 40 years), rather than 21 U.SC. § 841(b)(1)(A)(iii) (requiring a sentence of between 10 years and life).  Under the Guidelines, Eason's criminal-history score would have remained VI but his base offense level would drop to 34.  *See* USSG § 4B1.1(b)(2).  With a three-level downward adjustment for acceptance of responsibility, USSG § 3E1.1(b), Eason's total offense level would be 31, resulting in a Guideline rage of 188 to 235 months.

Here, the parties agree that Eason is eligible for a sentence reduction under the FSA but they disagree as to the appropriate size of the reduction.  Eason asks for time served, while the United States argues that Eason should be resentenced to 188 months, the bottom of the newly calculated Guideline range.[1]

The Court finds that Eason has served 158 months in prison—a figure that does not include the months of good-time credit that Eason has already accrued.  The Court

---

[1] The United States concedes that, if he were sentenced today, Eason would no longer subject to a 15-year mandatory minimum sentence for Count 5 because the ACCA enhancement no longer applies.  Because § 404(b) of the FSA allows the Court to "impose a reduced sentence," and because it has previously concluded both that the ACCA enhancement no longer applies and the Count 1 is the main driver of the sentence, the Court will undertake a plenary resentencing on both counts.  *See United States v. Chambers,* 956 F.3d 667, 673–74 (4th Cir. 2020) (affirming plenary resentencing because § 404(b) "expressly permits the court to 'impose a reduced sentence,'" rather than "'modify' or 'reduce,' which might suggest a mechanical application of the Fair Sentencing Act").

has reviewed the parties' submissions and the record in this case and finds that, under these circumstances, a sentence reduction to time served is warranted.  However, the Court will not revise Eason's term of supervised release, which remains at five years.

## CONCLUSION

Because Eason has already served 158 months, even without consideration of good-time credit, and because the Court finds this time period to be a sufficient term of imprisonment, the Court will grant Eason's § 2255 motion.  The Court will reduce Eason's sentence to time served but will not reduce Defendant's term of supervised release.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Reduce Sentence [Docket No. 72] is **GRANTED;** and

2. Defendant's term of imprisonment in this case is reduced to time served;

3. Defendant's term of supervised release remains 5 years;

4. This Order is stayed until Thursday, June 18, 2020; and

5. All other aspects of Defendant's sentence shall remain as originally imposed.

DATED:  June 17, 2020  
at Minneapolis, Minnesota.

                                                                               JOHN R. TUNHEIM  
                                                                                   Chief Judge  
                                                              United States District Court